## Meyrovitz, et al. v. Levy.

### Assumpsit.

(Decided November 13, 1913.   Rehearing denied December 18, 1913. 63 South. 963.)

1. *Husband and Wife; Contracts; Wife's Liability.*—Where the action was on notes executed by the husband and wife and defended by the wife on the theory that she was surety for her husband, the evidence examined and held to support a finding that she owed the debt and was liable as principal.

2. *Same; Agency; Ratification.*—Where the action was on notes executed by the husband and wife to secure money for the purchase of goods bought in the name of the wife on her acocunt by her husband and a third person, and the evidence showed that the goods went into her store, operated in her name, and that with knowledge of these facts she executed the notes and sold the goods and received the proceeds she must be held to have ratified the acts of her husband and such third person as her agent, and was therefore liable on the notes as principal.

3. *Same; Action; Burden of Proof.*—Where the action was on notes executed by the husband and wife and defended by the wife on the theory that she signed as surety for her husband, the burden was on the wife to show that she signed as surety in order to escape liability.

4. *Charge of Court; Misleading Instruction.*—The words "satisfied" and "convinced" being synonymous, a charge is not rendered erroneous because of the use of the words reasonably convinced, instead of reasonably satisfied.

5. *Same; Ignoring Issues and Evidence.*—A charge is properly re-fused which ignores evidence or issues in the case.

6. *Same; Covered by Those Given.*—It is not error to refuse re-quested instruction substantially covered by requested instructions given.

APPEAL from Houston Circuit Court.

Heard before Hon. B. F. REID, Special Judge.

Assumpsit by D. Levy against. E. Meyrovitz, and others, defended by E. Meyrovitz on the theory that as the wife she executed the notes for her husband, who was also sued. From a judgment for plaintiff defend-ant E. Meyrovitz appeals. Affirmed.

A. E. PACE, ESPY & FARMER, and W. L. LEE, for appel-lant. The charge which asserts that the burden was on defendant to reasonably convince the jury was improp-erly given, as the only duty is to reasonably satisfy.— *Batson v. Ala. City Bank,* 60 South. 313; *L. & N. v. Sul-livan T. Co.,* 126 Ala. 103; *Coghill v. Kennedy,* 119 Ala. 641; *Torry v. Burney,* 113 Ala. 504. Counsel discuss other assignments of error but without further citation of authority.

R. P. COLEMAN, for appellee. The burden was on de-fendant E. Meyrovitz to show that the notes were given merely as surety for her husband.—*Sample v. Guyer,* 143 Ala. 613. This, she failed to do. Under the evi-dence in this case, she ratified any unauthorized act of her agent.—*Bibb v. Hall,* 101 Ala. 79. The words "con-vince" and "satisfy" are synonymous.—7 Words & Phrases, 5984-6.

MAYFIELD, J.—Appellee sued E. & J. Meyrovitz on four promissory notes aggregating $1,200. E. Meyrovitz alone defended, on the theory that she executed the notes as surety for her husband, J. Meyrovitz. The trial re-

sulted in verdict and judgment for the plaintiff, and the wife alone appeals.

The only question litigated was whether or not the wife owed the debt for which the notes were given. This question was properly raised, was fairly tried and submitted to the jury, and was decided against appellant.

There is no doubt that the notes were given for borrowed money; they so recite, and all the evidence so shows. Was the loan to the wife or to the husband? This is really the only disputed issue.

The loan was obtained for the purpose of purchasing a stock of goods at a bankrupt sale. The money was paid by check to one Chas. I. Levy, who, according to his and the plaintiff's version, received and receipted for it as the agent of the appellant, Mrs. E. Meyrovitz, who is a sister-in-law of the plaintiff. Plaintiff offered in evidence a check and receipt as evidencing the transaction, which were as follows:

"Pensacola, Fla., Jan'y 28, 1902. City National Bank, of Selma, Ala. Pay to the order of Chas. I. Levy $1500.00 fifteen hundred 00/100 dollars. D. Levy."

"Pensacola, Fla., Jan'y 28, 1902. Received of D. Levy of Selma, Ala., fifteen hundred 00/100 dollars. On a/c of E. Meyrovitz on purchase price of Meyrovitz Bros.' stock of goods at Pensacola, Fla. Chas. I. Levy."

Mrs. E. Meyrovitz denied authorizing Chas. I. Levy to obtain the loan or to receipt for the same.

Chas. I. Levy's version of the transaction is as follows: "My name is Charles I. Levy; I reside in Montgomery, Ala. I know the parties to this suit; I had a business transaction with the plaintiff and J. Meyrovitz, one of the defendants in this cause, in January, 1902. The terms of said transaction were expressed in writing, and the same are attached to my depositions mark-

ed 'Exhibit A.' " Exhibit A to this witness' deposition is as follows:

## "EXHIBIT 'A.'

"Pensacola, Fla., Jan. 28, 1902. This agreement made and entered into by and between Chas. I. Levy of Montgomery, Ala., and E. Meyrovitz of Dothan, Ala. Witnesseth: That whereas the said Chas. I. Levy has this day bought the stock of goods, furniture and fixtures in the storehouse No. 200 Palafox St., Pensacola, Fla., being the property of the estate of Meyrovitz Bros., bankrupt, at and for the sum of $3,758.04, it is hereby agreed by the said Chas. I. Levy in consideration of the payment to him by E. Meyrovitz of the sum of fifteen hundred ($1500.00) dollars, that so soon as he shall realize from the proceeds of the sale of said goods, after deducting all expenses incurred in running said business, including cost of goods bought in replenishing said stock, rents, clerk hire, insurance, and any and all other expenses incident to the conduct of said business, the sum of $2,258.04, with interest thereon, that he will execute to the said E. Meyrovitz a bill of sale to the said stock of goods, furniture and fixtures on hand at the time. It being fully agreed and understood that the said Chas. I. Levy is to have the full management and control of said business until he is paid out of the proceeds of said business the sum of $2,258.04 above named and all expenses contracted in operating and managing said business. And the said E. Meyrovitz accepts this agreement on the terms stated herein. Chas. I. Levy. E. Meyrovitz, by D. Levy."

Continuing his version of the transaction in question, said witness Chas. I. Levy deposes as follows: "I bought the stock of goods of Meyrovitz Bros. for E.

Meyrovitz under an agreement to transfer same to E. Meyrovitz. After realizing my money out of said stock of goods I delivered possession of the same either to J. Meyrovitz or to some one acting for E. Meyrovitz. I did not have any transaction with E. Meyrovitz personally."

J. Meyrovitz, the husband, testified that the loan was made to him, and not to his wife, and that his wife never authorized him to obtain it for her, nor to buy the stock of goods for her; and his wife testified to the same, or substantially the same, facts.

It is undisputed, however, that the goods purchased were put into the business which was being conducted in the name of the wife, and were accepted by her and sold by her; and that after all of this she and her husband executed the notes sued on, and that the proceeds of the same were used in the purchase of the stock of goods, and also that the correspondence as to the execution of the notes was carried on between Mrs. Meyrovitz and the plaintiff and the wife of plaintiff, who was the sister of defendant, Mrs. Meyrovitz.

There is to be found in these letters unmistakable evidence that, if the defendant did not originally authorize the making of this loan to her, and the purchase of the stock of goods therewith, for her, she afterwards, with full knowledge of all the facts, ratified the acts of her husband and Chas. I. Levy who acted for her. In all her letters there is never an intimation that the debt or the goods were not hers, but were her husband's. She is shown to have paid one of the notes, and to have repeatedly promised to pay the others; and the whole matter was treated by all the parties as if the debt and the goods were hers and not those of her husband. It, therefore, conclusively appears that the ques-

tion was one for the jury, and that there was ample evidence to support their finding.

Under the issues in this case there was no error in allowing proof as to the manner in which the sale of the bankrupt stock of goods was made, nor proof as to what was done by her husband and Chas. I. Levy in the sale. While there was no direct proof that Mrs. Meyrovitz authorized them to act for her, there are many circumstances connected with the transaction going to show that they were acting as her agents, and that she afterwards, with full knowledge of all the facts, ratified their acts and accepted and received the benefits thereof. And if she did this, she should of course bear the burdens.

It was shown by all the evidence that the stock of goods was bought in the name, and on the account of, Mrs. Meyrovitz, and not on that of her husband, that the goods went into her store, or the store that was being operated in her name, and that she executed the notes to secure the money which was used in purchasing the goods; and her letters to the plaintiff and his wife show facts which make it incredible, if not impossible, that she did not know all about the purchase and the loans made and contracted in her name. As before stated, if it is possible that she did not authorize her husband and Chas. I. Levy to act as her agents, she subsequently ratified their acts fully, and received the fruits of their acts which were done in her name.

It is true, as argued by appellant, that the fact that the sale of the goods was nominally to her and on her account did not tend to show that she borrowed the money for which the notes sued on were given; standing alone that fact had no such tendency. But, taken in connection with all the other evidence, such fact did tend to show that the loan was made to her, just as the

written evidence showed; and there was no error in allowing this proof to be made.

Appellant excepted to, and on appeal complains of, that part of the oral charge in which the court instructed the jury, among other things, as follows: "Even though the defendant Mrs. E. Meyrovitz did not buy the stock of goods in Pensacola, and did not authorize J. Meyrovitz or any other person to buy them for her, and though the debt was not originally hers, yet if the stock of goods so purchased was afterwards brought to Dothan and placed in the business then owned and being conducted by defendant E. Meyrovitz, with her knowledge and consent, and if she sold or disposed of or got the benefit thereof, and thereafter, with knowledge of all the facts and circumstances surrounding the borrowing of the money in question and the purchase of the goods therewith, agreed to pay plaintiff the money thus borrowed, and executed the notes sued on for that purpose, in that event she would be liable, and the jury would be authorized to find a verdict against her and in favor of the plaintiff." This charge was correct as applied to the issues and the evidence in the case.

The written charge given at the request of the plaintiff was correct. That charge was as follows: "The court charges the jury that the burden is upon the defendant E. Meyrovitz to prove that she signed the notes sued on in this case, as the surety of her husband and codefendant, J. Meyrovitz, and unless you are reasonably convinced from all the evidence in this case that she has borne that burden, your verdict will be for the plaintiff." The burden of proof was certainly on the defendant to show that she signed the notes as surety of her husband. That alleged fact she set up by special plea, and of course she must prove the plea.

We do not think there is enough difference of meaning, in literature or in law, between the words, "convinced" and "satisfied," to make the giving of this charge erroneous, because the word, "convinced" was used instead of the word, "satisfied;" and this is the only objection pointed out or urged against the charge. The dictionaries define "satisfied" as "to be convinced;" and "convinced," as "to be satisfied." For the purposes of charges like this, we prefer to treat these words as synonymous. While the word "satisfied" is usually used, we feel sure that there was no error nor injury in using the word "convinced," in this charge.

There was no error in refusing appellant's requested charges; they each ignored the doctrine of ratification, which the evidence tended to show was applicable. Moreover, the court in other charges correctly defined the law as to the only propositions sought to be established by such requested charges, and did so in writing, at the request of the defendant.

We find no error in the record, and the cause must be affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and DE GRAFFENRIED, JJ., concur.