EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a workmen’s compensation case.
After an ore tenus trial, a judgment was entered by the trial court, which found that on June 19, 1985, an employer-employee relationship existed between the parties; that on that date the employee fell and sustained an injury to her wrist, arm, and neck, which arose out of and in the course of her employment; that the employer had actual notice of the accident and injury; that evidence was presented that the employee suffered no vocational impairment as a result of the accident and injury; and that the employee voluntarily accepted a similar job with another employer for lower pay. The trial court adjudged that the employee receive no compensation from the employer and that she be entitled to no further medical expenses. In that regard, the following findings were made by the trial court:
“The Court questions the credibility of the plaintiff’s testimony.
“The Court further finds that the plaintiff suffered from a cyst on her wrist which caused or contributed to any pain which she experienced. No medical testimony was presented which convinced the Court that the cyst resulted from the fall. The Court not being reasonably satisfied the injury is unresolved and that the plaintiff has fully recovered from the alleged accident and injury as of July 30, 1986, finds that plaintiff suffered no temporary total or permanent partial disability with resulting loss of earning capacity.
“Having considered the testimony of the witnesses, the Court is of the opinion that the plaintiff suffered no temporary disability or permanent partial disability with resulting loss of earning capacity as a result of the on-the-job injury. The Court is further of the opinion that the defendant has paid all medical expenses incurred as a result of the on-the-job injury and that no further medical benefits are due the plaintiff.”
*714 The employee appealed and raises two primary issues.
I
The employee first argues through able counsel that, when the trial court stated in the final judgment that “[n]o medical testimony was presented which convinced the Court that the cyst resulted from the fall,” the trial court, by using the word “convinced,” imposed the burden of proof upon the employee of satisfying the trial court beyond a reasonable doubt by the evidence that the cyst which appeared on her wrist after the injury resulted from the fall.
The burden of proof upon an employee in a workmen’s compensation case is to reasonably satisfy the trial court by the evidence of the truth of the elements of the cause of action. Big B Discount Drugs, Inc. v. Parker, 401 So.2d 115 (Ala.Civ.App.1981).
As to a civil jury charge which used the words “reasonably convince,” the supreme court stated that “[o]ne meaning of ‘convince’ is to ‘satisfy by proof.’ Webster’s International. The charge postulates reasonable conviction, and while the old and frequently approved form, ‘reasonable satisfaction,’ were better, we are unwilling to order a reversal on account of the different language employed in the charge.” Bessemer Feed Mills v. Alabama Great Southern Railroad Co., 217 Ala. 446, 449, 116 So. 796, 798-99 (1928). The word “convinced” and the word “satisfied” are synonymous, and while the word “satisfied” is normally used in a civil charge, there is no error in using the word “convinced” in lieu of “satisfied.” Meyrovitz v. Levy, 184 Ala. 293, 63 So. 963 (1913).
We hold in accord with those precedents that, when the trial court used the word “convinced” in its judgment, it only placed the required reasonable satisfaction measure of proof upon the employee. Additionally, that is the only reasonable conclusion that we can reach after a fair reading of the entire judgment. Consequently, there is no error as to this issue.
II
The employee next argues that she suffered a ganglion cyst as a result of her fall, and she supports that argument by the following from a physician’s deposition:
“Q. Dr. Johnson, the sprained wrist or any of the injuries that she complained of on June 19, 1985, based upon a reasonable medical probability are not permanent, is that correct?
“A. Well, nothing other than the ganglion cyst. There is a possibility that the ganglion cyst arose as a result of the trauma. A ganglion cyst for the most part is permanent unless surgery is done on it, and usually surgery is not done unless they are very large or very symptomatic. Most patients in my practice choose not to have surgery; they simply would rather tolerate the symptoms than to have the surgery on them.”
Consequently, she argues that, in the absence of surgery, her cyst is permanent and that the trial court erred in finding that she had no temporary total or permanent partial disability.
The employee’s argument overlooks her own testimony that, while she did not have the cyst surgically removed, it has “gone away”; that she is no longer under the treatment of any physician; that, while she saw at least five different physicians, none of them gave to her any medical disability; and that all X-rays and a myelogram were negative.
Her contention also does not take into account other testimony and the fact that Dr. Johnson only testified that there was a possibility that the cyst arose out of the trauma. While her rehabilitation specialist testified that the employee had a vocational disability of from 56% to 61%, he had no opinion one way or another as to whether her vocational injuries resulted from an accident at work. The employer’s psychologist could find no evidence that the employee suffered any vocational disability.
The evidence was such that the trial court could have readily determined that her job change was voluntary and was not occasioned by any injury.
*715 As previously indicated, competent evidence supports the trial court’s holding that the employee had no temporary total or permanent partial disability. In view of that holding and finding, the trial court correctly refused to award any future medical expenses to the employee. Davis v. City of Tuscaloosa, 494 So.2d 643 (Ala.Civ.App.1986).
We cannot weigh the evidence in workmen’s compensation cases, but must determine if there is any legal evidence, or reasonable inferences therefrom, to support the judgment. Davis, 494 So.2d at 644; Big B Discount Drugs, 401 So.2d at 117.
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.