This is a workmen's compensation case. *Page 644 
After an ore tenus hearing, the circuit court awarded temporary total disability compensation to the employee. The employee appeals and we affirm.
On appeal, the employee raises several contentions of error: (1) that the trial court erred in awarding only temporary total disability compensation, (2) that the trial court erred in finding that the employee's temporary total disability ended on April 26, 1984, (3) that the trial court erred in not ruling as to whether the employee was entitled to future necessary medical treatment, and (4) that the trial court erred in not considering the employee's pre-existing permanent impairment of his leg with regard to the employee's disability. We find no error and affirm.
Viewing the record with the attendant presumptions, we find the following is pertinently revealed:
On August 19, 1983, plaintiff Charles Davis, an employee of defendant City of Tuscaloosa, was instructed to go to a local landfill to help fight a fire. While at the landfill, Davis was exposed to an unknown type of smoke that caused him to experience irritation of the eyes, nose, and throat. Later Davis was taken to the hospital, complaining of shortness of breath, coughing, weakness, vertigo, and chest pains. Davis was hospitalized for two weeks, receiving treatment for his condition.
As indicated, the employee's first contention on appeal is that the trial court erred in failing to award permanent total disability compensation.
We note at the outset that our review of workmen's compensation cases on appeal is limited to whether there is any legal evidence present to support the trial court's findings.Padgett v. International Paper Co., 470 So.2d 1287
(Ala.Civ.App. 1985); Davis v. Fabarc Steel Supply, Inc.,469 So.2d 114 (Ala.Civ.App. 1985). A review of the weight of the evidence or whether findings of fact by the trial court are correct is not properly before this appellate court. Armstrongv. Lewis Associates Construction Co., 469 So.2d 605
(Ala.Civ.App. 1984). If there is any legal evidence that is supportive of the trial court's findings, we are required to affirm those findings. Allen v. Diversified Products,453 So.2d 1063 (Ala.Civ.App. 1984).
In our consideration of the employee's contention that he should have been found to have a "permanent total disability," it is necessary to define such a condition. "Permanent total disability" is defined within Ala. Code (1975), § 25-5-57
(a)(4)(d) (Supp. 1985), as "any physical injury or mental impairment resulting from an accident, which injury or impairment permanently and totally incapacitates the employee from working at and being retrained for gainful employment. . . ." The trial court found that the employee in the case at bar had not suffered such an injury as defined above.
The record indicates that there was "substantial" evidence to support the trial court's findings. Several physicians testified that the employee had not suffered any permanent injury as a result of his accident. The employee's own personal physician could find no objective reason to explain why the employee could not return to gainful employment.
The employee contends that there was evidence to suggest "mental impairment" that left him with a permanent and total disability. However, the physician's testimony contradicts this claim. There was evidence that, while the employee suffered some mental problems, they stemmed not from the accident but from pre-existing elements in the employee's personality and a desire to gain financial benefit.
In light of the above evidence, we can find no error in the trial court's finding that the employee had not suffered a permanent and total disability.
The employee further complains that the trial court erred in finding that the employee's temporary total disability ended on April 26, 1984.
It is well settled that the period of temporary total disability may be determined in the trial court's "best judgment" from *Page 645 
all the testimony, taking into consideration the nature of the injury. Malbis Bakery Co. v. Collins, 245 Ala. 84, 15 So.2d 705
(1943); Padgett, 470 So.2d at 1288.
There is evidence in this case to support the trial court's finding that the employee's temporary total disability should be terminated on April 26, 1984. Medical testimony revealed that an examination of the employee on that date revealed no physical impairment. Given this evidence, the trial court did not commit error in finding the employee's temporary total disability ended on April 26, 1984.
Additionally, the employee contends that the trial court erred in not issuing a ruling that decided whether the employee was entitled to future necessary medical treatment. We disagree.
Suffice it to say that, given the trial court's finding that the employee was not entitled to permanent disability and that his temporary disability had ended, no award of future medical expenses would be justified. This can be the only conclusion, given the trial court's findings. It would be illogical and inconsistent to rule otherwise.
The employee's final contention of error is that the trial court failed to consider the employee's pre-existing permanent impairment of his leg, suffered as the result of an earlier injury with the same employer, in determining the employee's disability. We disagree.
The employee cites this court to Ala. Code (1975), § 25-5-57
(a)(4)(g) (Supp. 1985), in support of his argument. This section provides: "If an employee receives a permanent injury as specified in this section after having sustained another permanent injury in the same employment, and if the previous and subsequent injuries result in permanent total disability, compensation shall be payable for permanent total disability only." Ala. Code (1975), § 25-5-57 (a)(4)(g) (Supp. 1985). This section clearly states the necessity of the employee's having suffered "two" permanent injuries. In the case at bar the trial court failed to find the employee's injury permanent. Therefore, in light of the trial court's action and this court's agreement with said action, the above cited section does not apply to the case at bar.
We further note that the employee did not offer any pleadings with regard to this issue, and, when offered the opportunity to amend, the employee's counsel chose to discontinue the offer of testimony with regard to the issue. Thus, the employee appears to have abandoned this contention at trial.
In view of the above, this case is due to be, and it is hereby, affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.