We granted the petitioner's request to review the Court of Civil Appeals' holding that the "failure to file suit within the time specified by the applicable statute of limitations bars the injured employee's right to sue not only for [workmen's] compensation but also for [accrued medical expenses]."[1] The Court of Civil Appeals, affirming the insurer's summary judgment, reasoned as follows:
 "Section 25-5-1(1), Code 1975, expressly provides that `medical and surgical treatment and attention, medicine, medical and surgical supplies, crutches and apparatus furnished an employee' do not constitute compensation as defined by the Workmen's Compensation Act. Moreover, the period of limitations set out in the Workmen's Compensation Act applies only to compensation benefits. See, Section 25-5-80, Code 1975. However, we note that our case law provides that the timely commencement of an employee's action within the time specified by the applicable statute of limitations is a condition precedent to both the employer's liability and the employee's right to sue. . . . While Bradshaw [the injured employee] and the insurer entered into a settlement agreement after the accident, the agreement was neither approved by a court nor incorporated into a decree, and no claim was actually filed until July 1986. As noted above, compliance by an injured employee with the applicable statute of limitations, i.e., the one-year statute in the present case, is a condition precedent to that employee's right to bring an action. See, McLain v. GAF Corp.
[424 So.2d 1329 (Ala.Civ.App. 1982)]. Since no claim was filed within one year of Bradshaw's accident, we conclude that the trial court correctly found that Tuscaloosa County's claim was time barred by the applicable statute of limitations."
We reverse and remand.
 We hold that the injured employee's right to sue for accrued medical expenses, as authorized by Ala. Code 1975, § 25-5-77, is totally independent of the employee's right to sue for workmen's compensation benefits; thus, the commencement of an employee's action, whether for compensation benefits or for medical expenses, or for both, within one year (now two years) is not a condition precedent to the employee's right to sue for accrued medical expenses, whether such expenses are incurred during the period of limitations for compensation benefits or after the expiration of such period. (As the Court of Civil Appeals' opinion indicates, the claim for medical expenses was filed more than one year after the last payment of compensation benefits, but within one year after the medical expenses here claimed were incurred by the injured employee.)
Primarily, our holding is predicated on Ala. Code 1975, §§ 25-5-77 and 25-5-80. Pursuant to § 25-5-77, an employer (or its insurer), without limitations of time, is liable for all reasonably necessary medical expenses incurred as the result of an employee's work-related injury. Likewise, § 25-5-80 — the Code section that prescribes the only period of limitations applicable to the instant employee's injury — applies only to compensation benefits, not to medical expenses. See § 25-5-1(1).[2] Thus, *Page 784 
the absence of any time limitations on the employer's liability for future medical expenses and the absence of any period of limitations on the injured employee's right to sue for accrued medical expenses combine to insure the injured employee's right to judicially enforce payment of future
medical expenses, once such expenses have accrued, as contemplated by § 25-5-77.
 Moreover, the Workmen's Compensation Act does not prescribe, as a condition precedent to the right to sue for accrued medical expenses, that the injured employee be entitled to weekly compensation benefits. Both of the cases cited for the contrary view by the Court of Civil Appeals (B.F. Goodrich v. Parker, 282 Ala. 151, 209 So.2d 647 (1967); and Morgan v. Rheem Manufacturing Co., 395 So.2d 1030 (Ala.Civ.App. 1981)) deal with the lapse of the period of limitations prescribed by § 25-5-80 on claims for compensation benefits, and not with the independent claim for accrued medical benefits as authorized by § 25-5-77. Thus, these cases need not be, and are not, overruled; however, McLain v. GAF Corp., 424 So.2d 1329 (Ala.Civ.App. 1982), also cited in the Court of Civil Appeals' opinion, deals with the precise issue here presented and is expressly overruled.
 Therefore, the filing of a suit to enforce payment of compensation benefits is not required in order to vest jurisdiction in the circuit court to adjudicate a claim for accrued medical expenses. To recover medical expenses, whether incurred within the one-year (now two-year) period of limitations or at any time thereafter, the injured employee, of course, must meet the statutorily imposed burden of proof with respect to "notice," "accident," causal relation of the injury and resultant medical expenses, etc.; but such a claim is not time-barred merely because the injured employee has not complied with the statutorily prescribed period of limitations for a compensation claim.
REVERSED AND REMANDED.
 TORBERT, C.J., and MADDOX, ALMON, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.
[1] For the complete text of the Court of Civil Appeals' opinion, including a statement of the facts, see Tuscaloosa County v.INA/Aetna Insurance Co., 522 So.2d 780 (Ala.Civ.App. 1987).
[2] For a history of the 1949 amendment to the Workmen's Compensation Act removing "medical expenses" from the definition of "compensation," see Ex parte Stewart v. CarterRealty Co., 518 So.2d 125 (Ala. 1987) (Jones, J., concurring specially). We further note that this redefinition of "compensation," unaccompanied by corresponding amendments to other affected Code sections, not only left the right to sue for accrued medical expenses without an applicable statute of limitations, but also left the recovery of medical expenses without a statutorily prescribed "attorney's fee," as well as leaving the statute silent with respect to reimbursement of medical expenses in the event of a third-party recovery. See Code 1975, § 25-5-11. All of these matters were addressed in the statute so long as the statutory definition of "compensation" included "medical expenses."