In October 1989 Mary Ann Jones filed a complaint in the Pickens County Circuit Court against Pickens County Health Care *Page 755 
alleging total and permanent disability resulting from job-related injuries. Following oral proceedings, the trial court found in favor of Pickens County Health Care. Jones appeals.
Jones began working for Pickens County Health Care on March 25, 1988. On March 30, 1988 Jones sustained injuries to her back and hand when she attempted to push a patient over and the patient rolled back on top of her. Jones reported the injury to her supervisor. Subsequently, she went to see Dr. Rex Perkins, her family physician, who diagnosed a lumbo-sacral sprain. Dr. Perkins advised Jones that she could return to light-duty work. On April 5, 1988 Dr. Perkins released Jones to full work.
On April 30, 1988 Jones sustained a second injury when a patient knocked down his bed rail, trapping her hands and driving her to her knees. Jones reported to her supervisor that she had incurred an injury to her thumb. She returned to Dr. Perkins on May 2, 1988 complaining of a backache. She did not seek treatment for her hand injury until May 28, 1988. Jones worked for two to three weeks following the second injury. She has not been employed since that time.
Jones has visited numerous physicians since sustaining the injuries. In June 1988 Dr. Perkins, finding no objective reason for the continued pain in Jones's hand, referred her to Dr. Bony Barrineau, an orthopedic surgeon. After performing nerve conduction studies, Dr. Barrineau determined that everything was normal and that she did not have the suspected carpal tunnel syndrome.
In November 1988 Jones visited Dr. Burandt, an orthopedic surgeon, complaining of back and neck pain. The EMG's of her upper and lower extremities and a CAT scan of her lumbosacral spine appeared to be normal. Dr. Burandt asked a physical therapist to perform a test on a Cybex machine to determine Jones's muscular strength. The physical therapist testified at trial that he was very limited in his evaluation of Jones due to her inability to perform the tests and due to her lack of effort. He testified that her description of her pain was not consistent with her movements. He stated that she limped during part of the time he was around her, but not all of the time. Based on all of the tests, Dr. Burandt could not find any objective reason for the pain.
In January 1989 Jones visited Dr. Larry Epperson, a neurosurgeon. Dr. Epperson found that she was having mild cervical muscle spasms. He testified in deposition, however, that his physical examination was somewhat limited due to her "poor effort." He stated that he could find no objective reason for her pain. He surmised that her complaints were due to a combination of malingering and psychosomatic factors.
In April 1989 Jones was evaluated at the Brookwood Pain Center by Dr. Daniel Doleys, a psychologist. Dr. Doleys testified in deposition that the evaluation was not sound due to Jones's failure to cooperate with assorted examinations. He further stated that her description of her pain was not consistent with her behavior. Dr. Doleys opined that Jones might get better once her workmen's compensation case was resolved.
Dr. Perkins testified in deposition that in his opinion Jones is convinced in her own mind that she is disabled. According to Dr. Perkins, Jones's complaints were not related to the injuries she sustained at Pickens County Health Care.
After hearing the evidence, the trial court found that Jones's injuries were work related. The court found, however, that she failed to meet her burden of proving that she sustained a permanent partial disability. It concluded that Jones had been fully compensated for any temporary disability arising from the accidents.
There is no dispute that Jones suffered a work-related injury. On appeal, however, Jones asserts that she should have been found permanently disabled because the psychosomatic, hypochondriacal pain which she suffers is a proximate result of the physical injuries sustained at the Pickens County Health Care facility.
In Fruehauf Corp. v. Prater, 360 So.2d 999
(Ala.Civ.App. 1978), this court found psychological disabilities to be compensable. In order to recover for such disabilities, the complaining *Page 756 
party must show that she suffered a trauma in the line and scope of her employment, that she developed a neurosis as a proximate result of the injury, and that the neurosis caused an occupational disability. Fruehauf.
In Fruehauf we recognized the difficulty in establishing the existence or the cause of any neurosis. In that case we acknowledged that "there is a distinct possibility of attempted malingering in the absence of objective symptoms." We determined, however, that the possibility of a malingering claimant would be minimized by a vigilant and discerning judge.Fruehauf.
In a workmen's compensation case this court's review is "limited to a determination of whether there is any legal evidence to support the trial court's findings of fact. If any reasonable view of the evidence supports the findings of the trial court, this court may then determine whether the correct legal conclusions have been drawn therefrom." Ex partePatterson, 561 So.2d 236 (Ala. 1990). This standard of review was reaffirmed in Ex parte Eastwood Foods, Inc., 575 So.2d 91
(Ala. 1991).
From our review of the record, we find that there is evidence to support the trial court's conclusion. That evidence includes, among other things, testimony that Jones exaggerated her complaints in order to recover benefits; that her continued disability was due in part to malingering; that her complaints should subside once this case is settled; and that her problems were not related to her injuries. The trial court observed the claimant, her physical and mental condition, and her manner of testifying. This court considers that the judgment of the trial court is not unreasonable in view of all of the evidence.Eastwood; Patterson.
Jones next asserts that the trial court erred in failing to make an award of future medical expenses.
The court's order does not specifically preclude Jones from recovering future medical expenses. The trial court found that Jones suffered work-related injuries; therefore, pursuant to Code 1975, § 25-5-77, she is automatically entitled to future medical benefits. In order for the expenses to be covered, however, Jones must abide by the requirements established in that section. Future medical expenses are recoverable if they are related to the injury, are "reasonable" and "necessary," and are obtained with the authorization of the employer. GenpakCorp. v. Gibson, 534 So.2d 312 (Ala.Civ.App. 1988).
The judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.