Sherry Byrd filed a complaint against Robbins Tire and Rubber Company, Inc., asserting that she was entitled to workers' compensation benefits as a result of an injury she sustained while employed by Robbins. Following ore tenus proceedings, the trial court entered a final judgment, awarding Byrd temporary total disability benefits and ordering Robbins to pay future medical expenses. Robbins appeals.
The record reflects that Byrd injured her back on September 16, 1993, while employed by Robbins. She immediately informed her supervisor. Her supervisor instructed her to continue to work. She attempted to follow his instructions but was not successful. The supervisor ultimately transported her to the hospital, where she was examined for back pain and subsequently referred to a private doctor.
The doctor treated Byrd on several occasions. He diagnosed pain associated with back trauma. He initially treated the injury conservatively with medication. When the pain continued, he referred Byrd to physiotherapy and to a pain center. The doctor released Byrd to work with the stipulation that she perform light duty work, with no bending or lifting.
In October 1993 Robbins terminated Byrd's employment for reasons unrelated to her injury. Byrd testified that she was unable to secure employment after her termination due to the pain associated with her back. She testified that as a consequence of her injury, she was unable to lift, stand, or sit unsupported for any significant length of time. She stated that she was unable to enjoy life or to perform the activities that she did prior to the injury.
In August 1994 Byrd became employed with Fiberex Corporation, an arts and craft manufacturer. Her new position required that she stuff bags with a material called excelsior, a material similar to hay. She testified that although she was still in pain, she was able to perform the non-strenuous job. She insisted that her return to the work force was necessitated because of her lack of income and because she had two children to support.
The trial court found that Byrd was temporarily totally disabled from October 25, 1993, the date of her termination with Robbins, until August 1, 1994, the date she returned to the work force. It further found *Page 674 
that Byrd suffered no permanent disabilities as a result of her injury.
Robbins asserts that the trial court erred in finding Byrd to be temporarily totally disabled. It insists that it was error for the trial court to make such a finding without determining Byrd's loss of ability to earn. It further suggests that there was no evidence to support the trial court's finding.
Temporary total disability is established by direct evidence of wage loss not by one's loss of ability to earn. TG YStores Co. v. Higdon, 437 So.2d 1035 (Ala.Civ.App. 1983). Therefore, the trial court did not err in failing to find a loss of ability to earn.
In a case involving temporary total disability, it is the duty of the trial court to determine the probable duration of the disability. In making its determination, the trial court is not bound by expert medical testimony. The trial court must consider all the evidence, including its own observations, and interpret it to its best judgment. Montgomery v. Mardis,416 So.2d 1042 (Ala.Civ.App. 1982). "[T]he fact that the employee was injured on a certain date and did not work until another certain date does not conclusively establish that said employee was totally disabled for that entire period of time." Hardin v.Palmer Truss Co., 558 So.2d 963 (Ala.Civ.App. 1990). Instead, the trial court must consider all the circumstances in ascertaining whether an employee is due temporary total disability benefits. Hardin.
The accident complained of is alleged to have occurred on September 16, 1993; therefore, the new Alabama Workers' Compensation Act ("new Act") is controlling. Our standard of review was changed by the new Act. § 25-5-81(e), Code 1975. InWhitsett v. BAMSI, Inc., 652 So.2d 287 (Ala.Civ.App. 1994), this court announced the new standard of review in the following manner:
 "We will view the facts in the light most favorable to the findings of the trial court. The trial court's judgment will not be reversed unless it is clear that the trial court's findings are manifestly contrary to the evidence as contained in the record as a whole or unless it is clear that fairminded persons in the exercise of impartial judgment would adopt a contrary conclusion."
There is evidence in the record from which it could be found that Byrd was temporarily and totally disabled from the time of her termination until the time of her reemployment. Byrd's own testimony concerning her pain and her inability to work or to enjoy life is supportive of the trial court's findings. We find no error.
Robbins next asserts that the trial court erred in its judgment by including therein an award of future expenses of medical treatment resulting from the injury.
Perhaps, technically, the order of the trial court presents an implication that future, unproven medical expenses are being presently awarded. In fact, the trial court has done only what the statute, § 25-5-77, Code 1975, provides, i.e., that future medical expenses arising from the claimant's injury, which are shown to be reasonable and necessary and obtained with authorization of the employer, are to be paid by the employer.Jones v. Pickens County Health Care, 589 So.2d 754
(Ala.Civ.App. 1991). Any statement appearing contrary to this opinion inDavis v. City of Tuscaloosa, 494 So.2d 643
(Ala.Civ.App. 1986), is hereby expressly overruled.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
All the Judges concur. *Page 675