L. CHARLES WRIGHT, Retired Appellate Judge.
In May 1989 Nancy Stricklin suffered a work-related injury while employed by Am-ericold Compressors Company. Following a trial on the merits, a final judgment was entered in February 1991. In its final order the trial court stated, in pertinent part, the following:
“The court concludes after reviewing all the evidence that [Stricklin] has an ongoing psychological condition not connected by the evidence with her injury on the job here and that she has fully recovered from the original injury. Further, the court holds that [Stricklin] can be gainfully employed and earn a livelihood after the initial injury here.
“1. While [Stricklin] did have an injury on the job, and is entitled to 12 weeks additional temporary total disability, she has not proven to this court by the evidence or connected it that her injury on the job is directly concerned with her present psychological condition or during the time of the doctor’s examinations of her.
“2. The court holds that [Stricklin] can be gainfully employed and earn a living after the injury in this case.”
Stricklin did not file an appeal of the February 1991 order. In May 1995 she filed a pleading entitled, “Motion to Enforce Judgment.” In her motion she requested that the trial court order Americold to pay certain medical expenses incurred by her following the February 1991 final order. She insisted that the February 1991 order left open her right to future medical expenses.
A hearing was held on the motion. The trial court (not the original court that entered the February 1991 order) found that Stricklin was entitled to future medical expenses and all expenses incurred subsequent to the February 1991 order. Its order was subject to Stricklin’s “showing that the future medical expenses are related to the injury, are reasonable and necessary, and are obtained with the authorization of the employer.” This order was entered in June 1995.
*140 Americold appeals and asserts that the trial court erred in entering the June 1995 order. It contends that the February 1991 order, as a matter of case law, held that Stricklin was not entitled to future medical expenses. It asserts, therefore, that the trial court was without authority to entertain Stricklin’s 1995 “Motion to Enforce Judgment.”
Americold primarily depends on Davis v. City of Tuscaloosa, 494 So.2d 643 (Ala.Civ. App.1986), to support its position. In that case we determined that if an employee is not entitled to permanent disability and if the temporary disability has ended, no award of future medical expenses would be justified. In Robbins Tire & Rubber Co. v. Byrd, 659 So.2d 672 (Ala.Civ.App.1995), this court expressly overruled that holding in Davis. We determined that if an employee suffered a work-related injury, then pursuant to § 25-5-77, Code 1975, he/she is automatically entitled to future medical expenses if he/she abides by the requirements established in that section. And in Ex parte Tuscaloosa County, 522 So.2d 782 (Ala.1988), our supreme court determined that an “injured employee’s right to sue for accrued medical expenses, as authorized by Alabama Code 1975, § 25-5-77, is totally independent of the employee’s right to sue for workmen’s compensation benefits.... ” Based upon that finding, our supreme court concluded that filing an action for compensation benefits within the two-year statute of limitations is not a condition precedent to filing an action for accrued medical expenses.
The February 1991 order did not specifically preclude Stricklin from recovering future medical expenses. Therefore, pursuant to Ex parte Tuscaloosa County, Robbins Tire & Rubber Co., and § 25-5-77, Stricklin would be entitled to future medical expenses if she proves that the expenses are related to the 1989 injury, that they are reasonable and necessary, and that treatment was obtained with the authorization of the employer. Jones v. Pickens County Health Care, 589 So.2d 754 (Ala.Civ.App.1991). The June 1995 order granting the “Motion to Enforce” is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.