We granted the Americold Compressors Company's petition for the writ of certiorari to consider whether the Court of Civil Appeals erred in affirming the trial court's reopening of a 1991 final judgment in a workers' compensation case to allow Nancy Stricklin's 1995 claim for future medical expenses. We reverse and render a judgment for Americold.
In December 1989, Stricklin sued Americold, seeking workers' compensation benefits for permanent partial disability, as well as for past and future medical treatment, based on a work-related injury she had suffered while employed as a spot welder with the company. Following a trial on the merits in January 1991, Circuit Judge Jack C. Riley entered a final judgment, which read as follows:
 "JUDGMENT
"This unusual and novel workmen's compensation case was tried by the Court on January 28, 1991, where the Plaintiff, Nancy Carol Stricklin, was represented by Attorney Kenneth Shelton and the Defendant, Americold Compressors Company, was represented by Attorney John S. Civils.
"The attorneys by their great efforts assisted the Court by the following stipulations:
"1. The Plaintiff was an employee and was working at the time of the injury for the Defendant;
"2. Temporary total disability has been paid for May 9, 1989, until November 27, 1989, for about 29 weeks for $6,558.00;
"3. The Plaintiff's earnings were $16,786.54 for the year, average weekly earning was $322.81;
"4. Medical bills to date have been paid by the Defendant in the amount of $11,445.94;
"5. The Defendant at the time of the injury was operating a business in Cullman County and the Plaintiff was working for the Defendant and the workmen's compensation law of this state does apply to this case.
"Initially the distinguished attorneys made opening arguments to familiarize the Court with [the] general educational background and work habits of the Plaintiff and who treated her. It was obvious that there may be some outstanding medical bills that should be paid by the Defendant and the question immediately arose by defense counsel that the Plaintiff has an ongoing psychological problem, not caused or connected by the evidence, to her original injury on the job to her left shoulder.
"The Plaintiff was forty years old at the time of the trial, lives with her husband who is at home injured and does not work and her children, two of them. It appears that the Plaintiff has had different jobs with different companies over the years doing many different things and at the time of this injury [was] working for the Defendant. She was operating a spot *Page 142 
welding machine and injured her left shoulder and her arm was put in a sling and she has not worked after this injury.
"The Court has repeatedly read its notes and the excellent briefs filed by the attorneys on the law of the State of Alabama concerning this injury and its effect, if any, on the Plaintiff. The Court has read the depositions of the doctors, Dr. Daniel Doleys, Dr. William C. Woodall, Dr. Rodney Swillie, Dr. Ira C. Denton, Jr., and Dr. Vincent F. Bergquist, Jr.
"The Court concludes after reviewing all the evidence that the Plaintiff has an ongoing psychological condition not connected by the evidence with her injury on the job here and that she has fully recovered from the original injury. Further, the Court holds that the Plaintiff can be gainfully employed and earn a livelihood after the initial injury here.
"The Court does conclude that the Defendant did not pay her for her temporary total disability time off the job and would direct that they owe her for twelve (12) additional weeks at 66-2/3 percent of $322.81, that being $213.79 for twelve weeks or $2,565.48.
"IT IS THEREFORE ORDERED AND ADJUDGED THAT:
"1. While the Plaintiff did have an injury on the job and is entitled to twelve weeks' additional temporary total disability, she has not proven to this Court by the evidence or connected it that her injury on the job is directly concerned with her present psychological condition or during the time of the doctor's examinations of her.
"2. The Court holds that the Plaintiff can be gainfully employed and earn a living after the injury in this case.
"3. Judgment is entered for the Plaintiff and against the Defendant for $2,565.48 for twelve additional weeks where she was temporarily [totally] disabled as a result of her injury, this being reflected in the figures set out above by the Court. . . .
"DONE this the 19th day of February, 1991.
"Jack C. Riley, Presiding Circuit
"Judge, 32nd Judicial Circuit
"Cullman County, Alabama"
At the time of this final order, our courts followedDavis v. City of Tuscaloosa, 494 So.2d 643
(Ala.Civ.App. 1986), in regard to future medical expenses. In that case the Court of Civil Appeals held that in cases in which a trial court found that a workers' compensation plaintiff had suffered no permanent disability as the result of the on-the-job injury, he or she was precluded as a matter of law from recovering any future medical benefits. 494 So.2d at 645. Thus, Judge Riley's finding that the plaintiff had fully recovered from the original injury and that she could be gainfully employed was a determination that no future medical expenses were due to her.
In April 1995, the Court of Civil Appeals expressly overruled its decision in Davis v. City of Tuscaloosa, in the case ofRobbins Tire Rubber Co. v. Byrd, 659 So.2d 672
(Ala.Civ.App. 1995), holding that a workers' compensation plaintiff found to have sustained a compensable injury is entitled to future medical benefits, regardless of whether he or she suffers from any permanent disability as the result of the on-the-job accident.
In May 1995, Stricklin filed a "Motion to Enforce Judgment." In it she stated:
 "1. . . . [A] judgment was rendered on the 19th day of February, 1991 by this Honorable Court.
 "2. . . . [I]n said Judgment the medicals were left open as to the Plaintiff's on the job injury. . . ."
Judge Riley, who had originally heard the case on the merits, had retired by that time. Judge H. Frank Brunner held a hearing on the motion and ordered as follows:
 "The issue to be resolved here is whether, according to the law and the judgment of the learned trial judge, Honorable Jack C. Riley, future medicals were left open.
 "In the trial of this case the Court awarded only temporary total disability benefits and found no permanent partial disability [and] that the Plaintiff had fully recovered. The Court did not specifically leave future medicals open or closed. *Page 143 
 "The Defendant cites the case of Davis v. City of Tuscaloosa, 494 So.2d 643 (Ala.Civ.App. 1986), where the honorable appeals court held that where there was no permanent disability, no award of future medical expenses would be justified. However, this ruling seems to conflict with the holding in [Ex parte Tuscaloosa County], 522 So.2d 782 ([Ala.] 1988), which held that [the right to sue for accrued] medical expenses [was] totally independent of the right to sue for workmen's compensation benefits. The Court held that the right to sue for accrued medical expenses does not have a condition precedent that the injured employee be entitled to weekly compensation benefits. Further, [it held] that recovery of medical expenses is not time-barred.
". . . .
 "Therefore, subject to the Plaintiff showing that the future medical expenses are related to the injury, are reasonable and necessary and are obtained with the authorization of the employer, this Court holds that the Defendant is liable to the Plaintiff for future medical expenses and all expenses incurred subsequent to the Judgment dated February 19, 1991, and today's date which meet the requirements stated above.
"DONE this the 23rd day of June, 1995.
"H. Frank Brunner, Circuit Judge"
The Court of Civil Appeals affirmed the trial court's holding, under the following reasoning:
 "Americold primarily depends on Davis v. City of Tuscaloosa, 494 So.2d 643 (Ala.Civ.App. 1986), to support its position. In that case we determined that if an employee is not entitled to permanent disability and if the temporary disability has ended, no award of future medical expenses would be justified. In Robbins Tire Rubber Co. v. Byrd, 659 So.2d 672 (Ala.Civ.App. 1995), this court expressly overruled that holding in Davis. We determined that if an employee suffered a work-related injury, then pursuant to § 25-5-77, Code 1975, he/she is automatically entitled to future medical expenses if he/she abides by the requirements established in that section. And in Ex parte Tuscaloosa County, 522 So.2d 782 (Ala. 1988), our supreme court determined that an 'injured employee's right to sue for accrued medical expenses, as authorized by Alabama Code 1975, § 25-5-77, is totally independent of the employee's right to sue for workmen's compensation benefits. . . .' Based upon that finding, our supreme court concluded that filing an action for compensation benefits within the two-year statute of limitations is not a condition precedent to filing an action for accrued medical expenses.
 "The February 1991 order did not specifically preclude Stricklin from recovering future medical expenses. Therefore, pursuant to Ex parte Tuscaloosa County, Robbins Tire Rubber Co., and § 25-5-77, Stricklin would be entitled to future medical expenses if she proves that the expenses are related to the 1989 injury, that they are reasonable and necessary, and that treatment was obtained with the authorization of the employer. Jones v. Pickens County Health Care, 589 So.2d 754
(Ala.Civ.App. 1991). The June 1995 order granting the 'Motion to Enforce' is affirmed."
Americold Compressors Co. v. Stricklin, 684 So.2d 139
(Ala.Civ.App. 1996).
Americold contends that this holding of the Court of Civil Appeals is in direct conflict with this Court's precedent, because, Americold says, it sanctions a collateral attack on a valid final judgment entered four years earlier and allows a heretofore unsuccessful plaintiff to relitigate an issue previously decided against her. We agree. The trial court had no jurisdiction to disturb a valid judgment that had become final and on which the appeal time had expired long before the substantive case law in regard to future medical expenses in workers' compensation cases changed. The question of jurisdiction was not addressed by the Court of Civil Appeals, which affirmed the judgment of the trial court, citing Ex parteTuscaloosa County, 522 So.2d 782 (Ala. 1988), and Jones v.Pickens County Health Care, 589 So.2d 754 (Ala.Civ.App. 1991). *Page 144 
In Ex parte Tuscaloosa County, the issue before this Court was whether an employee's failure to sue within the statutorily prescribed one-year limitations period for a workers' compensation claim barred his or her right to sue for accrued medical expenses. This Court held that an injured employee's right to sue for accrued medical expenses, as authorized by Ala. Code 1975, § 25-5-77, is independent of the employee's right to sue for workers' compensation benefits, and thus that such a claim is not time-barred merely because the injured employee has not sued within the statutorily prescribed period of limitations for a compensation claim. 522 So.2d at 783-84. In Jones v. Pickens County Health Care, a workers' compensation case, the Court of Civil Appeals stated that because the trial court had found that Jones had suffered work-related injuries, she was automatically entitled to future medical benefits under § 25-5-77. Future medical expenses are recoverable under §25-5-77 if they are related to the injury, are "reasonable" and "necessary," and are obtained with the authorization of the employer. 589 So.2d at 756. In neither case did this Court or the Court of Civil Appeals sanction the reopening of a valid final judgment.
When Ms. Stricklin sued in December 1989, she was exercising her rights under Ex parte Tuscaloosa County and § 25-5-77 in seeking both workers' compensation benefits and medical expenses. In fact, Judge Riley's order noted that "there may be some outstanding medical bills that should be paid by the defendant." In his final order, Judge Riley found that Ms. Stricklin had suffered no permanent disability as the result of an on-the-job injury. Under this holding, she was precluded, as a matter of law, from recovering any future medical expenses.Davis v. City of Tuscaloosa, 494 So.2d 643
(Ala.Civ.App. 1986), and Hammons v. Chesebrough-Pond's, Inc.,516 So.2d 713, 715 (Ala.Civ.App. 1987).
Judge Riley's order was final, it was not appealed, and it cannot now be reopened by the filing of a so-called "motion to enforce judgment." Cornelius v. Green, 477 So.2d 1363
(Ala. 1985). The time has long since passed for the filing of a motion to amend the final judgment, pursuant to either Rule 59(e) or Rule 60(b), Ala. R. Civ. P.
The principles of res judicata, collateral estoppel, and the finality of judgments prohibit a trial court from disturbing a final judgment. Louisville N.R.R. v. Atkins, 435 So.2d 1275
(Ala. 1983); State v. Morrison Cafeterias Consolidated, Inc.,487 So.2d 898 (Ala. 1985). In Louisville N.R.R. v. Atkins this Court held that the doctrine of res judicata would be violated if the law as it evolves were made retroactive to reopen, for another trial, matters that had been laid to rest under theories of liability existing at the time they were tried must not be reopened. 435 So.2d at 1279. This Court, in State v.Morrison Cafeterias, citing Farrior v. New England MortgageSecurity Co., 92 Ala. 176, 9 So. 532 (1891), stated that where a party has acted upon the law as clearly declared by a judicial decision, that party will be protected even if the decision is thereafter overruled. Matters laid to rest under theories of liability existing at the time the matters were tried must not be reopened. State v. Morrison Cafeterias, supra, 487 So.2d at 903. To reopen such matters not only would conflict with settled Alabama law, but also would defeat public policy considerations: " '[t]he quieting of litigation; the public peace and repose; respect for judicial administration of the law, and confidence in its reasonable certainty, stability and consistency.' Bibb v. Bibb, 79 Ala. 437, 444 (1885)."Stallworth v. Hicks, 434 So.2d 229, 230 (Ala. 1983).
For the reasons stated above, the judgment of the Court of Civil Appeals is reversed and a judgment is rendered for Americold.
REVERSED AND JUDGMENT RENDERED.
HOOPER, C.J., and MADDOX, ALMON, HOUSTON, KENNEDY, COOK, and BUTTS, JJ., concur. *Page 145