CRAWLEY, Judge.
Willis Hull Howe sued his employer, Choctaw Emergency Management Services (“Choctaw EMS”), seeking to recover workers’ compensation benefits for an injury he sustained to his lower back on October 18, 1995, and which he claimed occurred during the course of his employment. At trial, the parties stipulated that Howe had suffered a work-related injury and that he was permanently partially disabled. The parties disagreed, however, about whether Howe’s disability was related to his accident at work. The trial court determined that Howe’s disability was “not related to his on-the-job injury” and entered a judgment denying benefits. Howe appeals.
In 1995, Howe was employed as the executive director of the Choctaw EMS. His duties were primarily administrative, but occasionally he also worked as a paramedic. On October 18, 1995, Howe injured his back as he was loading a patient on a stretcher into an ambulance. Howe consulted Dr. Roger Setzler, an orthopedic surgeon, who diagnosed Howe’s injury as a lumbar strain. Dr. Setzler reviewed Howe’s X-rays and determined that Howe had some preexisting degenerative arthritis, or spondylosis, with minimal bulging of a disk at the L4-5 level. Dr. Setzler treated Howe for over six months and agreed that Howe was permanently partially disabled. He gave his opinion, however, that Howe’s lumbar strain had “cleared” after a year and that any continuing disability from which Howe suffered was related to the spondylosis and arthritis, rather than to the work-related injury. When asked whether he could testify, with a reasonable degree of medical certainty, that Howe’s current disability was “related to a muscle strain or sprain that occurred in October of 1995,” he answered, “No, I cannot testify to that.”
Howe consulted another orthopedic surgeon, Dr. Andre J. Fontana, who saw Howe on one occasion for 30 minutes. Dr. Fontana also diagnosed Howe’s work injury as a lower-back strain. Dr. Fontana agreed with Dr. Setzler that Howe had preexisting arthritis in his back, but, unlike Dr. Setzler, Dr. Fon-tana testified that the work-related injury had caused Howe’s preexisting arthritis to “become symptomatic.” Dr. Fontana testified that he “would value” Dr. Setzler’s opinion because Dr. Setzler had treated Howe for over six months and “[knew] the patient much better.” The trial court specifically found “Dr. Setzler’s testimony to be the most accurate concerning Mr. Howe’s injury, treatment and current condition.”
Howe testified that he had had problems with his back for years, but that those problems had not prevented him from performing his job duties.
“A worker who has a preexisting condition is not precluded from collecting workers’ compensation benefits if the employment aggravates, accelerates, or combines with, a latent disease or infirmity to produce disability. Ex parte Lewis, 469 So.2d 599 (Ala.1985). A preexisting condition that did not affect the employee’s work performance before the disabling injury is not considered, pursuant to the Act, to be a preexisting condition. Associated Forest Materials v. Keller, 537 So.2d 957 (Ala.Civ.App.1988).”
Waters v. Alabama Farmers Coop., Inc., 681 So.2d 622, 623-24 (Ala.Civ.App.1996).
Our standard for reviewing the trial court’s findings of fact in a workers’ compensation case was stated by the supreme court in Ex parte Trinity Industries, Inc., 680 So.2d 262 (Ala.1996):
“[W]e will not reverse the trial court’s finding of fact if that finding is supported by substantial evidence — if that finding is supported by ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ ”
680 So.2d at 268-69 (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989)). Based on our review of the record, we hold that the trial court’s finding — that Howe did not suffer a permanent disability as a result of his injury on October 18, 1995 — is supported by substantial evidence. See Eubanks v. International Paper Co., 717 So.2d 391 (Ala.Civ.App.1998). *980 Accordingly, that part of the circuit court s judgment denying workers’ compensation benefits for a permanent partial disability is affirmed.
Howe also argues that the trial court erred by denying him future medical benefits for his work-related injury. In Jones v. Pickens County Health Care, 589 So.2d 754 (Ala.Civ.App.1991), this court held that when a trial court finds that a worker has suffered work-related injuries, then, “pursuant to Code 1975, § 25-5-77, [the worker] is automatically entitled to future medical benefits.” We explained:
“In order for the expenses to be covered, however, [the worker] must abide by the requirements established in [§ 25-5-77]. Future medical expenses are recoverable if they are related to the injury, are ‘reasonable’ and ‘necessary,’ and are obtained with the authorization of the employer.”
589 So.2d at 756 (emphasis added).
The trial court specifically found that Howe had completely recovered from his work-related injury and that his current disability is unrelated to that injury. The court could, therefore, conclude that future medical expenses should not be left open because no further medical treatment for the work-related injury would be necessary. Compare Ex parte Americold Compressors Co., 684 So.2d 140, 143 (Ala.1996) (wherein the court indicated that, but for the res judicata effect of a prior final judgment that was not appealed, the worker might have been entitled to future medical expenses, despite the trial court’s finding that the worker had “fully recovered,” because the judgment “did not specifically preclude” the worker’s receipt of such expenses). The trial court’s finding as to future medical expenses and its conclusion based on that finding are supported by the evidence and are due to be upheld.
The judgment of the circuit court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.