MOORE, Judge.
This appeal arises out of a dispute as to the amount of mileage expenses to which Tracy Page (“the employee”) is entitled for the years 2014 and 2015 under a 2008 judgment that approved a settlement between the employee and Southern Care, Inc. (“the employer”), pursuant to Ala. Code 1975, § 25-5-56, a part of the Alabama Workers’ Compensation Act (“the Act”), Ala. Code 1975, § 25-5-1 et seq. The Etowah Circuit Court (“the trial court”) awarded the employee only $560.51 of the $7,921.80 the employee claimed. We affirm the trial court’s judgment.
Background
The employee and the employer entered into a settlement agreement on December 10, 2008, which was approved by the trial court. In that settlement agreement, the parties memorialized that the employee claimed injuries to her neck and lower back resulting from work-related accidents occurring on February 14, 2005, and June 14, 2005, respectively. The employer agreed to pay the employee $75,566.67 to settle her claim for workers’ compensation benefits. The settlement agreement further provided: “Employer will remain liable for all future medical benefits as required by the Workers’ Compensation Act of Alabama which was in effect at the time of said accident.”
On December 11, 2015, the employee filed a “motion to compel payment of mileage,” which she later supplemented, in which the employee claimed, through supporting exhibits, that the employer had refused to pay her mileage expenses for travel to and from her physician’s and pharmacist’s offices in 2014 and 2015. After the employer filed a responsive memorandum opposing the motion, the trial court heard oral argument and entered an order on January 19, 2016, awarding the employee $560.51 on her mileage-expense-reimbursement claim. In support of its order, the trial court entered findings of fact, the pertinent portions of which provide as follows:
“[The employee’s] current authorized treating physician, Dr. Robert Lansden, is located in Hoover, Alabama. Dr. Lans- *662 den was [the. employee’s] authorized treating physician for the relevant time period in 2014 and 2015; During the relevant time period in 2014 and 2015, [the employee] had her prescriptions filled at- a pharmacy in Hokes Bluff, Alabama. [The employee’s] current home address and her home address during the relevant time period in 2014 and 2015 is in Gadsden, Alabama. [The employee’s] home address is approximately 86.5 miles away from her treating physician in Hoover, Alabama, and approximately 7.5 miles away from her pharmacy in Hokes Bluff, Alabama.
“[The employee] is not currently employed by [the employer] and was not employed by [the employer] during the relevant time period in 2014 or 2015. [The employee] is a nurse who currently works for a third-party at various locations outside of Alabama on a contract or temporary basis. During the relevant time period for which [the employee] has requested mileage reimbursement, [the employee] worked as a nurse in West Palm Beach, Florida, and Valdosta, Georgia. While [the employee] was required to travel to West Palm' Beach, Florida, and Valdosta, Georgia, for work in 2014 and 2015, she returned home to Gadsden, Alabama, each weekend.
“According to [the employee’s] request for mileage reimbursement, which was submitted as an exhibit to her Motion to' Compel, her work location in West Palm Beach, Florida, was located approximately 744 miles from her treating physician in Hoover, Alabama, and 744 miles from her pharmacy in Hokes Bluff, Alabama. Her ■ work location - in Valdosta, Georgia, was located approximately 760 miles from her treating physician in Hoover, Alabama, and approximately 680 miles.from her pharmacy in Hokes Bluff, Alabama. [The employee] did not request an alternative, treating physician or alternative pharmacy during the relevant time period for which she requests mileage reimbursement.
“Between September 4, 2014, and August 18, 2015, [the employee] traveled a total of 13,912 miles between her work locations in West Palm Beach, Florida, and Valdosta,. Georgia, and her treating physician in Hoover, Alabama, and pharmacy in Hokes Bluff, Alabama. Her total mileage for 2014 was 5,208 miles, and her total mileage for-2015 was 8,704 miles.”
The trial court also entered conclusions of law as follows:
“Section 25-5-77(a) of the Alabama Code [1975] provides, ‘the employer ... shall pay an amount not to exceed the prevailing rate or maximum schedule of fees as established herein of reasonably necessary medical and surgical treatment and attention, physical rehabilitation, medicine, medical and surgical supplies, crutches,' artificial members, and other apparatus as the result of an accident arising out of and in the course of the employment.’ ... Subsection (f) of the same [C]ode section theh provides [that] ‘[t]he employer shall pay mileage costs to and from medical and rehabilitation providers at the same rate as provided by law for official state travel.’ Ala. Code [1975,] § 25-5-77[ (f) ].
“The Alabama Supreme' Court and Alabama Court of Civil Appeals have repeatedly held [that] ‘future medical expenses arising from the claimant’s'injury, which are shown to be reasonable and necessary and obtained with authorization of the employer, are’’to be' paid by the employer.’ Robbins Tire & Rubber Co. v. Byrd, 659 So.2d, 672, 674 (Ala.Civ.App.1995) (citing Jones v. Pick-ens County Health Care, :589 So.2d 754, 756 (Ala.Civ.App.1991)); see also Marley Erectors, Inc. v. Rice, 620 So.2d 31, 33- *663 34 (Ala.Civ.App.1993); Ex parte Ameri-cold Compressors Co., 684 So.2d 140, 143 (Ala.1996); Fort James Operating Co. v. Thompson, 871 So.2d 44, 48 (Ala.Civ.App.2002). It reasonably follows that mileage reimbursement requests for traveling to and from these medical providers must also be ‘reasonable’ and ‘necessary.’ See Davis Plumbing Co. v. Burns, 967 So.2d 94, 102 (Ala.Civ.App.2007) (Moore, [J.,3 concurring [in the result]). As explained by Judge Terry Moore in a[n] opinion [concurring in the result] in Davis Plumbing, ‘[a]n employee may not choose a pharmacy beyond a reasonable distance from his home simply to obtain additional mileage expenses .... When the workers’ compensation law grants the employee discretion, such as the choice to refuse medical treatment or suitable employment, this court has always held that the employee must exercise that discretion within the bounds of reason.’ 967 So.2d at 102 (Moore, [J.,] concurring [in the result]) (citing Baptist Mem’l Hosp. v. Gaylor, 646 So.2d 93 (Ala.Civ.App.1994); Kiracofe v. BE & K Constr. Co., 695 So.2d 62 (Aa.Civ.App.1997)).
' “The Court accepts the facts asserted in [the employee’s] Motion to Compel wherein [the employee] states she incurred round-trip mileage traveling from West Palm Beach, Florida, and Valdos-ta, Georgia, to her treating physician in Hoover, Aabama, and her pharmacy in Hokes Bluff, Aabama, as true. However, the Court concludes [the employee’s] request for round-trip mileage reimbursements from her work locations in West Palm Beach, [Florida,] and Valdos-ta, Georgia, to her treating physician in Hoover, Aabama, and her pharmacy in Hokes Bluff, Aabama, are neither reasonable nor necessary.
“[The employee] was not employed-with [the employer] during the time period for which she has requested mileage reimbursement. Instead, during the time period for which she requests mileage reimbursement, [the employee] voluntarily contracted with a third-party to be employed in West Palm Beach, Florida, and Valdosta, Georgia. Athough [the employee] was required to travel out of state for work, at no point during the relevant time period did she request an alternative treating physician or alternative pharmacy. Moreover, [the employee’s] job as- a traveling nurse allowed her to return home to Gadsden, Aabama, each weekend, and [the employee] did, in fact, return home to Gadsden, Aa-bama, each weekend, irrespective of whether she had an appointment with her treating physician or needed to fill a prescription. Because [the employee] was home each we'ekend, sometimes as long-as Thursday through Sunday, it is neither reasonable nor necessary for her to receive round-trip mileage reimbursement from [the employer] for traveling to her treating physician or' pharmacy from West Palm Beach, Florida, or Val-dosta, Georgia. . .
“[The employee] is, however, entitled to round-trip mileage reimbursement for the miles incurred in traveling from her home in Gadsden, Aabama, to her treating physician in Hoover, Aabama, and her pharmacy in Hokes Bluff, Aabama. [The employee’s] total round-trip mileage from her home in Gadsden, Aa-bama, to her treating physician and pharmacy in 2014 is 391 miles. The applicable mileage reimbursement rate for 2014 is $0.56. Therefore, [the employee] is entitled to mileage reimbursement for 2014 totaling $218.96. [The employee’s] total round-trip mileage from her home in Gadsden,- Aabama, to her treating physician-and pharmacy in 2015 is 594 miles. The applicable mileage reimbursement rate for 2015 is $0,575. Therefore, [the employee] is entitled to mileage re- *664 imburseraent for 2015 totaling $341.55. The total mileage reimbursement to which she is entitled for 2014 and 2015 is $560.51.”
The trial court entered a judgment for the employee in the amount of $560.51 and denied all other claims for relief.
On February 16, 2016, the employee filed a “second motion to compel payment of mileage” in which she sought to introduce her affidavit as evidence to support her claim. The trial court denied the motion on February 17,' 2016. The employee timely appealed on February 24, 2016.
Discussion
. The employee first argues that the trial court erred in construing Ala. Code 1975, § 25-5-77. The construction of a statute contained in the Act involves a question of law that this court reviews de novo without a presumption of correctness. See Scott Bridge Co. v. Wright, 883 So.2d 1221, 1223 (Ala.2003); Ala. Code 1975, § 25-5-81(a)(1).
Section 25—5—77(f) provides: “The employer shall pay mileage costs to and from medical and rehabilitation providers at the same rate as provided by law for official state travel.” The employee points out that § 25—5—77(f) does not expressly define mileage costs as those incurred in traveling to and from the home of an employee to his or her medical and rehabilitation providers. The employee also points out that the legislature did not include the words “reasonable” and “necessary” to modify the term “mileage costs.” Accordingly, the employee maintains that the trial court impermissibly engrafted language into § 25—5—77(f) that unduly limits the mileage expenses recoverable under the Act. The employee contends that the plain language of the statute should be enforced so that it includes mileage costs to and from the employee’s authorized providers to and from wherever the employee initiates her travel.
Section 25—5—77(f) explicitly provides that an employer shall pay mileage costs “to and from medical and rehabilitation providers”; however, § 25—5—77(f) omits any reference as to where travel “to” a provider commences or where travel “from” a provider ends. Because the statute is uncertain on those points, we must construe the statute to determine its meaning. See Advertiser Co. v. Hobbie, 474 So.2d 93 (Ala.1985).
The polestar of statutory construction is legislative intent. Richardson v. PSB Armor, Inc., 682 So.2d 438, 440 (Ala.1996). In § 1 of Act No. 92-537, Ala. Acts 1992, adopting the Act, the legislature clarified its intent in amending the former Alabama Workmen’s Compensation Act, Ala. Code 1975, former § 25-5-1 et seq., stating:
“It is the finding and expressed intent of the Legislature that the existence of a fair and affordable workers’ compensation system within the State of Alabama materially contributes to the economic growth and prosperity of the state and all its citizens. It is the further finding of the Legislature that the provision of quality medical services to employees injured in the workplace at a reasonable and fair cost to employers is an important part of a workers’ compensation system.”
(Emphasis added.) The legislature specifically expressed that employers should be responsible for only the “reasonable and fair cost” of medical services. Ex parte Southeast Alabama Med. Ctr., 835 So.2d 1042, 1050 n. 9 (Ala.Civ.App.2002). Mileage costs are authorized by § 25-5-77(f), a part of the medical-benefits statute, and are treated by the Alabama Department of Labor as a form of medical expenses. See Ala. Admin. Code (Dep’t of Labor), Rule 480-5-5-.36. Thus, we conclude that the legislature intended that only “reasonable *665 and fair” mileage costs should be recoverable, which would include a requirement that the travel be “reasonably necessary,” as is the case for all other reimbursable medical expenses. See Ala. Code 1975, § 25-5-77(a). In reaching that conclusion, we are mindful that individual statutes enacted as part of a comprehensive law should be construed in light of the evident purposes of the entire act. Holmes v. Cook, 45 Ala.App. 688, 236 So.2d 352 (Civ.App.1970).
The employee next argues that the trial court erred in determining that her travel to and from Valdosta, Georgia, and to and from West Palm Beach, Florida, was not reasonably necessary. That argument attacks the sufficiency of the evidence to support the trial court’s factual findings. Ordinarily, under Ala. Code 1975, § 25-5-81(a)(2), factual findings must be supported by “substantial evidence,” i.e., “’evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’” Ex parte Trinity Indus., Inc., 680 So.2d 262, 268 (Ala.1996) (quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989)). In this case, the parties waived their right to an eviden-tiary hearing, see Total Fire Prot., Inc. v. Jean, 160 So.3d 795, 799 n.2 (Ala.Civ.App.2014) (holding that employee waived right to have controversy over continuation of medical coverage under workers’ compensation settlement decided by evidentiary hearing when employee failed to object to trial court’s use of postjudgment-motion practice to decide controversy), and the trial court decided the case based solely on arguments of counsel, the parties’ motions and briefs, and the exhibits attached thereto, which revealed no dispute as to the material facts.[1] Accordingly, we review the order of the trial court without a presumption of correctness to determine if the trial court misapplied the law to the facts. See Board of Control of the Employees’ Ret. Sys. of Alabama v. Hadden, 854 So.2d 1165, 1169 (Ala.Civ.App.2002); see also Ex parte Eastwood Foods, Inc., 575 So.2d 91, 93 (Ala.1991) (“[A] trial court’s ‘findings of fact’ that are, in reality, an application of the law to the facts, or that are, stated differently, legal conclusions, do not come within the purview of the ‘presumption of correctness’ standard.”); Matthew’s Masonry Co. v. Aldridge, 25 So.3d 464 (Ala.Civ.App.2009) (application of law to undisputed facts is reviewed de novo without presumption of correctness).
The undisputed evidence in the record shows that the employer initially selected providers a reasonable distance from the Gadsden home of the employee. The employee subsequently undertook employment that necessitated her traveling to and from Valdosta, Georgia, and West Palm Beach, Florida. The employee did not request a change in her providers to accommodate her new work locations but elected to continue using the physician and pharmacy near her Gadsden home. The employee traveled to and from Gadsden regularly as part of her business travel for her new employer, regardless of whether she had an appointment with her authorized treating physician or whether she needed to fill a prescription.
We agree with the employee that, being satisfied with her care, she has a right to *666 continue to use her authorized providers. But we also agree with the trial court that the law limits the employee to mileage expenses only for reasonably necessary travel. Nothing in- the record suggests that the employee could not have scheduled her physician and pharmacy visits to take place while she was in Gadsden. Under the facts of this case, it is unreasonable to require the employer to incur the costs of the employee’s work-related travel. That travel is not reasonably necessary for the employee to obtain her authorized medical care.
The trial court determined that the employee should receive mileage-expense reimbursement only, for the travel between her home in Gadsden and her providers, which the employer stipulated would be reasonable. Section 25-5-77(c) provides, in pertinent part, that “[t]he cost, where rehabilitation requires residence at or near a facility or institution away from the employee’s customary residence, shall include reasonable charges for the employee’s necessary board, lodging, and travel.” Although the legislature did not specify that mileage costs to and from medical and pharmaceutical providers should, in all cases, be measured from the employee’s “customary residence,” under the undisputed facts in this case, the employer should be responsible only for the mileage costs to and from' the employee’s Gadsden home because no other travel can be considered reasonably necessary.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.

. On appeal, the employee challenges some of the trial court’s factual findings based on an affidavit she submitted to the trial court following the entry of its order. However, the trial court excluded the affidavit when it denied the employee’s second “motion to compel” and did not consider the affidavit when making its findings. Hence, we cannot consider the contents of the affidavit. See Cowen v. M.S. Enters., Inc., 642 So.2d 453, 454 (Ala.1994) (noting that an appellate court “is limited to a review of the record alone, that is, it can consider only the evidence that was before the trial court when it made its ruling”).