Barbara Yates, a former employee of United States Fidelity 
Guaranty Insurance Company ("USF G"), sued USF G, alleging that she had been terminated in retaliation for her filing of a workers' compensation claim against the company. See Ala. Code 1975, § 25-5-11.1. The trial court entered a summary judgment for USF G. Yates appeals.
Alabama's workers' compensation laws are liberally construed by this Court in favor of employees, in order to effectuate the beneficent purposes of the laws. Ala. Code 1975, § 25-5-11.1, provides, in pertinent part:
 "No employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits under this chapter. . . ."
A plaintiff may establish a prima facie case of retaliatory discharge by proving that he was terminated because he had sought workers' compensation benefits. The burden then shifts to the defendant employer to show that the plaintiff was terminated for some other reason. If the employer meets that burden, the plaintiff then must present evidence indicating that the stated reason was not the true reason. Twilley v.Daubert Coated Products, Inc., 536 So.2d 1364 (Ala. 1988).
In 1990, Yates was hired by USF G to fill a mail and supply clerk position in its branch office in Birmingham. Yates's position required her to distribute mail and supplies in the office. When Yates was hired, USF G had approximately 180 employees at the Birmingham office.
Yates injured her back while working in May 1992 and subsequently filed a workers' compensation claim. In June 1992, she was informed by her supervisor that her job would soon be eliminated. The record indicates that USF G was undergoing a corporate downsizing at the Birmingham office, which reduced the number of employees at the Birmingham office from the previous 180 to 80. Yates's mail and supply responsibilities were transferred to a claims department typist, who could perform the mail and supply duties as well as type statements and claims. Yates received a severance package from USF G because of her job elimination. She was able to return to work in March 1993, but, by that time, her job had been eliminated by the corporate downsizing.
We conclude that the trial court properly entered the summary judgment. Yates did not meet her initial burden of establishing a prima facie case of retaliatory discharge; that is, she failed to demonstrate that she was terminated because she had sought workers' compensation benefits. Twilley, supra. The evidence indicates that Yates's termination was caused by USF 
G's reduction in staff at its Birmingham office and that it was unrelated to her workers' compensation claim. As noted above, USF G's staff reduction severely reduced the number of employees at the Birmingham office. Yates's position was consolidated with that of the claims typist, who was able to perform the duties of both positions. Although Yates stated in an affidavit that she knew how to type and would have been willing to take a typing course to improve her typing skills, she contradicted that statement in her deposition by unequivocally stating that she had no typing skills. Yates simply presented no evidence to rebut USF G's prima facie showing that it had discharged her for a reason unrelated to her workers' compensation claim. *Page 910 
The summary judgment is affirmed.
AFFIRMED.
HOOPER, C.J., and ALMON, HOUSTON, and BUTTS, JJ., concur.