[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 81 
Jim Saulsberry filed a complaint for workmen's compensation benefits in the Circuit Court of Wilcox County against Roy Godbold, alleging that he was owed benefits for a work-related injury. Following oral proceedings, the trial court found Saulsberry to be permanently and totally disabled. Godbold appeals.
The record reflects that in late May or early June 1989, Saulsberry was employed by Godbold to operate a chain saw to cut pulpwood. On June 20, 1989, Saulsberry suffered chest pains while operating the saw. He was taken to an emergency room, where his condition was diagnosed as a heart attack. On the same day, he was transferred to Montgomery, where he was treated by Dr. John Finklea, a cardiologist.
Dr. Finklea performed a cardiac catheterization, which revealed that Saulsberry's right coronary artery was completely blocked. Dr. Finklea testified that due to arteriosclerosis, a significant portion of the blockage had been present for several years. He said that due to the blockage, Saulsberry would have inevitably suffered a heart attack. It was his opinion, however, that the vigorous exercise that he was involved in on June 20, 1989, was the initiating factor as to why the attack occurred when it did. Dr. Finklea also testified that Saulsberry would probably be on medication the rest of his life and that he "doubted" that Saulsberry would ever be able to return to the logging industry or to any employment that required similar, vigorous exertion. His treating physician, Dr. Roseanne Cook, testified that Saulsberry would never be able to return to any type of manual labor.
There was evidence admitted that Saulsberry had had problems with his blood pressure for a number of years prior to the 1989 heart attack. The record revealed that since 1989 he has had open heart surgery and has suffered a stroke.
Godbold argues that Saulsberry's heart attack was not caused by his employment but that it was caused by his pre-existing condition. He insists that there is no correlation between the heart attack and the degree of disability. He maintains that the majority of Saulsberry's disability is the sole result of his pre-existing condition. He alternatively argues that "[a]t the very least the disability award was subject to an apportionment for preexisting injuries or infirmities as provided in Ala. Code 1975, § 25-5-58."
The Workmen's Compensation Act is to be liberally construed. It is not limited to those in perfect health. Ex parte Lewis,469 So.2d 599 (Ala. 1985). If the employment aggravates, accelerates, or combines with a latent disease or infirmity to produce disability, the preexisting disability does not disqualify the claim under the "proximate cause" requirement of the act. Lewis. If the employee was able to perform his duties prior to the injury, no pre-existing condition is present for purposes of the act. Associated Forest Materials v. Keller,537 So.2d 957 (Ala.Civ.App. 1988). In Lewis, the supreme court specifically stated that "[t]he rule is applicable to cases where a work-related heart attack renders arteriosclerosis symptomatic."
In a workmen's compensation case this court's review is limited to a determination of whether there is any legal evidence to support the trial court's conclusions. If a reasonable view of the evidence supports the findings of the trial court, this court may then determine whether the correct legal conclusions have been drawn therefrom. Ex parte EastwoodFoods, Inc., 575 So.2d 91 (Ala. 1991). *Page 82 
In finding Saulsberry to be permanently and totally disabled, the trial court made the following findings of fact:
 "2. On June 20, 1989, the Plaintiff was employed by Defendant, Roy Godbold, and on said date, said parties were subject to and operating under the Workmen's Compensation Laws of Alabama.
 "3. That on said date, while acting in the line and scope of his employment for Defendant Godbold, Plaintiff suffered an accident which arose out of and in the course of his employment with Defendant Godbold, viz: an acute inferior myocardial infarction, or heart attack. That at the time of said accident, the Plaintiff was engaged in strenuous physical activity, viz: cutting trees with a chain saw and at the time of said accident had been engaged in such activity for approximately three hours and had cut down and sawed up approximately thirty trees. That at the time of the accident, the weather was hot and sunny.
 "4. The Plaintiff's accident, viz: his heart attack, was caused by Plaintiff's exertion and operating the chain saw while employed by Defendant Godbold.
 "5. The Court is aware of the Plaintiff's pre-existing arteriosclerosis, but finds that the Plaintiff's work-related injury aggravated, accelerated, or combined with such pre-existing condition."
In reviewing the record with the attendant presumptions, we find that a reasonable view of the evidence supports the trial court's conclusions. Eastwood Foods. Furthermore, § 25-5-58 is not applicable where the evidence shows that the employee was able to perform his duties prior to the injury. InternationalPaper Co. v. Rogers, 500 So.2d 1102 (Ala.Civ.App. 1986).
Godbold next asserts that the trial court erred in finding Saulsberry's average weekly wage to be $170.
The determination of the average weekly wage is governed by § 25-5-57(b). That section provides the following:
 "Where the employment prior to the injury extended over a period of less than 52 weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof during which the employee earned wages shall be followed, provided results just and fair to both parties will thereby be obtained. Where by reason of the shortness of the time during which the employee has been in the employment of his employer . . . it is impracticable to compute the average weekly earnings as above defined, regard shall be had to the average weekly amount which during the 52 weeks prior to the injury was being earned by a person in the same grade, employed at the same work by the same employer, and if there is no such person so employed, by a person in the same grade employed in the same class of employment in the same district."
The employee has the burden of presenting evidence for computation of his average weekly wage. Cook Transports, Inc.v. Beavers, 528 So.2d 875 (Ala.Civ.App. 1988). When it is impracticable to apply the formulas for determining average weekly wage so as to arrive at a just and equitable result to both parties, the matter is left to the discretion of the trial court. Henderson v. Johnson, 632 So.2d 488
(Ala.Civ.App. 1993).
The record reflects that Saulsberry was employed with Godbold for approximately three weeks prior to the heart attack. He could not remember exactly how much he had been paid. There was a conflict in the evidence concerning the initial agreement of payment. Saulsberry testified that he was supposed to be paid $3.00 per cord. The conflicting evidence was that Saulsberry and three other men were to split $3.00 per cord. There was no dispute that Saulsberry received three checks in the following amounts, $71.20, $41.78 and $55.00.
Godbold made a motion for a directed verdict following Saulsberry's case. He alleged, among other things, that Saulsberry failed to present evidence for computation of his average weekly wage. Saulsberry's attorney responded that they had presented evidence that he earned .75 cents per cord and that he averaged 60 to 80 cords per week.
With the scant and conflicting evidence that we have before us, we find that Saulsberry *Page 83 
failed to meet his burden concerning his average weekly wage. Furthermore, he did not offer any evidence concerning the average weekly wage of one similarly employed.
We are unable to determine how the trial court arrived at the figure that it did. There is not sufficient evidence to affirm its finding. We, therefore, reverse the trial court's judgment as it pertains to Saulsberry's average weekly wage and remand the matter to the trial court for further consideration.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR FURTHER PROCEEDINGS.
All the Judges concur.