ROBERTSON, Presiding Judge.
Fred Green sued the Pike County Commission in the Pike County Circuit Court for workers’ compensation benefits on November 7, 1996. On April 9, 1997, the parties filed a “Joint Motion to Determine Necessity of Medical Benefits,” setting out stipulated facts and requesting the trial court to determine the necessary medical care to be given Green under the applicable workers’ compensation laws. On July 29, 1997, the trial court entered an order finding the Commission liable for Green’s medical treatment relating to his back injury. Over Green’s opposition, the trial court certified its July 29, 1997, order as final pursuant to Rule 54(b), Ala.R.Civ.P.
The Commission appealed to this court, and this court remanded for the entry of a Rule 54(b) order in compliance with Brown v. Whitaker Contracting Corp., 681 So.2d 226 (Ala.Civ.App.1996). On February 4, 1998, the trial court entered the requisite order.
On appeal, the Commission contends that it should not be responsible for Green’s medical expenses because, it says, the expenses were incurred because Green reinjured his back or aggravated a preexisting back injury while he was at home.
Before addressing the Commission’s argument, we consider Green’s argument that the trial court’s July 29, 1997, judgment is not appealable. The trial court’s order on remand, pursuant to Brown, supra, specifies that it has, for all practical purposes, issued a final judgment as to Green’s medical treatment. That is, under the July 29, 1997, order, Green will proceed to have back surgery and corresponding treatment, and the Commission will be responsible for the costs incurred. The trial court also notes that the issue of compensation for a work-related injury that is aggravated as a result of a non-work-related activity is not settled. The trial court’s order on remand is a thorough and detailed explanation of why appellate review under Rule 54(b) is warranted. It satisfies the requirements of Brown, supra, and the Commission’s appeal is thus properly before this court.
The record reveals that Green first complained of back pain in October 1991 as a result of stepping down from a tractor while at work. Dr. Todd Pearlstein treated Green with pain medication and prohibited him from heavy lifting for a week. Green returned to Dr. Pearlstein’s office in May 1993, complaining of back pain caused by slipping off a front-end loader. Dr. Pearlstein’s treatment was the same as for the first visit. In November 1994, Green again returned with back pain, this time caused by pulling a piece of pipe. In September 1995, Green returned to Dr. Pearlstein’s office, complaining this time of back and abdominal pain apparently precipitated by lifting a baby. In October *1078 1995, Green complained that his pain had been present “for months,” and a CAT scan revealed a herniated disc. Dr. Pearl-stein prohibited Green from any heavy lifting, frequent bending, or squatting, and referred him to Dr. Robert Bradley, a neurosurgeon.
In discussing the critical issue of whether Green’s injury was a recurrence of a previous injury, an aggravation of a previous injury, or a new injury, the trial court gave the following synopsis of Dr. Bradley’s deposition testimony:
“[M]ore decisive of this issue is Dr. Bradley’s deposition testimony as found on page 24, beginning at line 5. the question was asked of Dr. Bradley, ‘ ... Is there any way to tell then that this baby incident or picking up a baby September 9th of 1995 was the onset of this disc herniation or whether it had occurred before? ’ Dr. Bradley responded, ‘I would tend to think it had occurred before.... The problem was already there and that picking up the baby made his symptoms worse.’ He continues on page 25, line 12. ‘The twelve-pound baby may have exacerbated things.’ Mr. Eley [the Commission’s lawyer] then inquired beginning on page 25, line 13 ‘And, if the evidence is, doctor, that he worked full — from 1991 all the way until 1995 on September 9th when he lifted the baby without any huge gaps in employment, would you not suspect then, doctor, that the aggravation of picking up that twelve-pound baby would have, in fact, been the reason that he was forced to come in here and have surgery?’ Whereupon Doctor Bradley responded in pertinent part, ‘ ... I think it’s work-related and the baby may have exacerbated things ... but I still find it difficult to believe that somebody that does heavy labor every day is going to have such a problem simply from picking up a twelve-pound baby unless there was an obvious underlying problem already there.’ The doctor, in ending his deposition, was asked on page 31 at line 12, ‘ ... can you say did the job cause the injury versus [did] lifting a baby cause the injury?’ The doctor responded, ‘Well, I didn’t feel that lifting the baby caused the injury....’”
(Emphasis original.)
The trial court concluded its July 29, 1997, order with a finding that there was substantial evidence of a recurrence of a previous work-related injury that was exacerbated by Green’s lifting a baby.
The applicable standard of review is the “substantial evidence” standard set out by our Supreme Court in Ex parte Trinity Indus., Inc., 680 So.2d 262, 268-69 (Ala.1996) (quoting West v. Founders Life Assur. Co., 547 So.2d 870, 871 (Ala.1989)):
“We will not reverse the trial court’s finding of fact if that finding is supported by substantial evidence — if that finding is supported by ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ ”
See also § 25-5-81(e)(2), Ala.Code 1975.
The Commission’s argument proceeds on two points. First, it argues that the trial court’s finding that Green’s injury was a recurrence of a work-related injury is not supported by substantial evidence. Second, it argues that as a matter of policy, this court should apply § 25-5-58, Ala. Code 1975, to bar workers’ compensation benefits if a work-related injury is aggravated by a non-work-related act, because, it says, the statute is applied to allow compensation when a work-related act aggravates a non-work-related injury.
With respect to the Commission’s first argument, the Commission argues that the evidence does not support the trial court’s finding that Green’s injury was a “recurrence.” The definition and effect of a “recurrence” for workers’ compensation purposes was discussed by this court in U.S. Fid. & Guar. Co. v. Stepp, 642 So.2d 712 (Ala.Civ.App.1994):
*1079 “Under the ‘last injurious exposure’ rule, ‘liability falls upon the carrier covering [the] risk at the time of the most recent injury bearing a causal relation to the disability.’ North River Insurance Co. v. Purser, 608 So.2d 1379, 1382 (Ala.Civ.App.1992). The trial court must determine whether the second injury is ‘a new injury, an aggravation of a prior injury, or a recurrence of an old injury; this determination resolves the issue of which insurer is liable.’ Id.
“A court finds a recurrence when ‘the second [injury] does not contribute even slightly to the causation of the [disability].’ 4 A. Larson, The Law of Workmen’s Compensation, § 95.23 at 17-142 (1989). ‘This group also includes the kind of case in which a worker has suffered a back strain, followed by a period of work with continuing symptoms indicating that the original condition persists, and culminating in a second period of disability precipitated by some lift or exertion.’ 4 A. Larson, § 95.23 at 17-152. A court finds an ‘aggravation of an injury1 when the ‘second [injury] contributed independently to the final disability.’ 4 A. Larson, § 95.22 at 17-141. If the second injury is characterized as a recurrence of the first injury, then the first insurer is responsible for the medical bills; however, if the injury is considered an aggravation of the first injury, then it is considered a new injury and the employer at the time of the aggravating injury is hable for the medical bills and disability payments. North River, supra.”
642 So.2d at 715.
The trial court’s judgment specifically points to medical expert testimony that Green’s lifting the baby was not the cause of his disc herniation. Moreover, the record contains considerable evidence indicating that Green sustained several work-related back injuries. We conclude that the trial court’s determination that this is a “recurrence” under Stepp, supra, is based on medical evidence in the record indicating that Green’s disc herniation was a previously existing work-related injury that manifested itself when Green lifted the baby. The record supports the inference that the act of lifting the baby was not an aggravating injury and did not “contribute even slightly to the causation of the disability.” Under the circumstances of this case, the trial court’s finding that Green’s injury was a “recurrence” is supported by substantial evidence. Trinity Industries, supra.
The Commission’s second argument is that this court fails to “even-handedly” apply the law of § 25-5-58, Ala. Code 1975:
“If the degree or duration of disability resulting from an accident is increased or prolonged because of a preexisting injury or infirmity, the employer shall be liable only for the disability that would have resulted from the accident had the earlier injury or infirmity not existed.”
First, the Commission recognizes the long-settled rule that a preexisting condition that does not prevent an employee from performing his duties does not exist for purposes of the Workers’ Compensation Act.
“The Workers’ Compensation Act is to be liberally construed in order to effectuate the beneficent purposes of the Act. Yates v. United States Fidelity & Guaranty Ins. Co., 670 So.2d 908 (Ala.1995). It is not limited to those in perfect health. Ex parte Lewis, 469 So.2d 599 (Ala.1985). If the employment aggravates, accelerates, or combines with a latent disease or infirmity to produce disability, the pre-existing disability does not disqualify the employee’s claim under the ‘proximate cause’ requirement of the Act. Godbold v. Saulsberry, 671 So.2d 80 (Ala.Civ.App.1994). If the employee was able to perform his duties prior to the injury, no pre-existing condition is present for the beneficent purpose of the Act. Id.”
*1080 Cagle v. Brock & Blevins, Inc., 723 So.2d 65, 68 (Ala.Civ.App.1998). See also Hypeco, Inc. v. Hawkins, 641 So.2d 802 (Ala.Civ.App.1994); Blue Circle, Inc. v. Williams, 579 So.2d 630 (Ala.Civ.App.1991).
In light of this interpretation of § 25-5-58, the Commission asserts that “even-handedness” requires this court to rule that when a work-related injury recurs or is aggravated by a non-work-related act, then the Act has no application. In support of its argument, the Commission cites a legislative finding to the effect that workers’ compensation law in the State is so onerous that it is driving industry and jobs away from Alabama. This policy argument ignores the well-settled beneficent purpose of the Act; it also overlooks the fact that employees who are injured on the job receive at most only two-thirds of what they would have otherwise earned.
More importantly, however, the Commission’s policy argument does not address the trial court’s conclusions, supported by substantial evidence, that Green’s injuries are a recurrence of earlier work-related injuries. Nothing about the interpretation of § 25-5-58 expressed in Cagle and earlier cases requires this court to deny an employee workers’ compensation benefits because a non-work-related action triggers a disability caused by a work-related injury. The trial court’s July 29, 1997, judgment is due to be affirmed under Trinity Industries, supra.
AFFIRMED.
YATES and MONROE, JJ., concur.
THOMPSON, J., concurs in the result.
CRAWLEY, J„ dissents.